Mary Burke **SPROGIS**, Plaintiff,

v.

**UNITED AIR LINES, INC.,** a Corporation, Defendant.

No. 68 C 2311.

United States District Court
N. D. Illinois, E. D.
Jan. 21, 1970.

Richard F. Watt, Irving M. King and Sheli Z. Rosenberg, Chicago, Ill., for plaintiff.

Stuart Bernstein, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for defendant.

PERRY, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action, having been considered on the motion of the Plaintiff for summary judgment in her behalf and the cross-motion for summary judgment filed by the Defendant, and the Court being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### *Findings of Fact*

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

2. Plaintiff is a female who was employed by Defendant as an airline stewardess until discharged by Defendant from that position on or about June 19, 1966.

3. Defendant is a Delaware Corporation, having its principal office in Elk Grove Village, Cook County, Illinois, which is within the Northern District of Illinois.

4. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer, among other practices, to fail or refuse to hire any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of sex, except where sex is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise.

5. Defendant maintained a policy applying solely to females employed as stewardesses, requiring that they be unmarried when first employed and that they thereafter remain unmarried while so employed. The policy of Defendant, as in effect at the time of Plaintiff's discharge, called for the discharge of any stewardess who married.

6. Defendant employs both male and female employees; there is no policy, as described in Paragraph 5 above, which has been maintained or enforced against male employees, including male flight cabin attendants or stewards. Under the policy described in Paragraph 5, Defendant has dismissed from their positions females employed as stewardesses immediately upon notification of the marriage of such employees, but no action is or has been taken against male employees upon marriage, and male employees have been permitted to continue employment without regard to marital status.

7. Pursuant to the above policy Defendant discharged Plaintiff as a stewardess on or about June 19, 1966, for the sole reason that she is a female and became married while in the employ of Defendant in the capacity as stewardess.

8. On August 9, 1966, which was less than ninety days after her discharge by the Defendant on June 19, 1966, Plaintiff filed a formal charge with the Equal Employment Opportunity Commission pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that her discharge by Defendant constituted unlawful discrimination because of sex.

9. On August 30, 1968, the Equal Employment Opportunity Commission issued its Decision finding there is reasonable cause to believe that the Defendant had violated Title VII of the Civil Rights Act of 1964, prohibiting discrimination on the basis of sex, by maintaining a policy of terminating female flight cabin attendants upon marriage, and, specifically, by terminating Plaintiff as alleged in the charge described in Paragraph 8 above while permitting male employees, including stewards performing similar duties for Defendant, to continue their employment after becoming married.

10. The charge of Plaintiff was not settled or adjusted. Under date of October 31, 1968, the Equal Employment Opportunity Commission issued to Plaintiff its Notice of Right to Sue Within 30 Days, advising Plaintiff that she could, within thirty days of her receipt of the Notice, file suit in an appropriate United States District Court. This ac-

tion was commenced on November 27, 1968.

11. Plaintiff has filed a motion for summary judgment, asserting that there is no genuine issue as to any material fact. Defendant has filed a counter-motion for summary judgment.

12. The Court has reviewed all the matters of record and has had the benefit of briefs filed by the parties.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter hereof.

2. On the basis of the foregoing facts, as to which there is no dispute, Plaintiff is entitled to judgment as a matter of law.

3. The rule, regulation or policy of Defendant, United Airlines, Inc., pursuant to which it discharged Plaintiff, is unlawful as in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The discharge of the Plaintiff by the Defendant pursuant to such policy was an unfair employment practice in violation of Title VII of the Civil Rights Act of 1964.

4. Plaintiff is entitled to reinstatement in her position as a Stewardess in the employ of Defendant United Air Lines, with all her rights of seniority and longevity restored.

5. Plaintiff is entitled to be compensated for her loss of earnings from the time of her illegal discharge on June 19, 1966 until the date of her reinstatement.

6. An order of injunction should issue restraining the Defendant from discriminating against Plaintiff because of her sex in violation of Title VII of the Civil Rights Act of 1964, and specifically from refusing to continue Plaintiff in Defendant's employ by reason of her marriage and requiring Defendant, in connection with the restoration of Plaintiff to employment, to recognize all of the Plaintiff's rights of seniority and longevity of employment which would have accrued to Plaintiff but for her unlawful discharge, and requiring Defendant to pay to Plaintiff all compensation lost by her from the time of her illegal discharge to the date of her reinstatement.

7. Defendant is not entitled to any relief as prayed for in its counter-motion for summary judgment, and said motion should be and hereby is denied.

8. The matters asserted by Defendant by way of defense are not sufficient to show (a) that sex or single status is a bona fide occupational qualification for the position of airline stewardess, or (b) that Defendant acted in reliance upon a written opinion of the Equal Employment Opportunity Commission within the meaning of Section 713(b) of the Civil Rights Act of 1964.

9. Since the record does not disclose the amount of compensation lost by Plaintiff, the Court should and hereby does retain jurisdiction for the purpose of enforcing this order and for the purpose of determining, by appropriate proceedings, the precise amount of compensation to which Plaintiff is entitled.

10. By reason of the circumstance that Plaintiff was discharged pursuant to a deliberate policy of Defendant and that, in consequence, it appears probable that other female employees of Defendant were discharged under circumstances in all significant respects identical to those under which Plaintiff was discharged, the Court should and hereby does retain jurisdiction for the purpose of determining whether the scope of the relief herein ordered should be made applicable to other Stewardesses discharged by Defendant pursuant to the policy herein determined to be illegal as in violation of Title VII of the Civil Rights Act of 1964.

### DECREE

This action, having been considered on the motion of plaintiff for summary judgment in her behalf and the cross-motion for summary judgment filed by the defendant, the court having considered all matters of record and being fully advised in the premises, and having made its Findings of Fact and Conclusions of Law,

It is hereby ordered, adjudged and decreed:

1. Plaintiff's motion for summary judgment is hereby granted.

2. Defendant's cross-motion for summary judgment is hereby denied.

3. Defendant, its officers, agents, and employees is hereby enjoined and restrained from discriminating against plaintiff because of her sex in violation of Title VII of the Civil Rights Act of 1964 and from refusing to continue plaintiff in its employ by reason of her marriage; and defendant is hereby commanded and ordered to restore plaintiff to employment with all her rights of seniority and longevity intact and unimpaired, precisely as they would have accrued but for the unlawful discharge.

4. Defendant, its officers, agents and employees, is hereby commanded and ordered to pay to plaintiff that amount of money which will compensate her in full for all pay lost from the time of her illegal discharge on June 19, 1966, to the date of her reinstatement.

5. The Court retains jurisdiction for the purpose of enforcing this Order and for the purpose of determining the precise amount of compensation to which plaintiff is entitled. Within twenty (20) days of the date of entry of this Order, the plaintiff shall submit, in the form of a supplemental pleading, a claim for compensation, setting forth the amount she asserts she is entitled to and the method of computation thereof; defendant shall have twenty (20) days to answer, and plaintiff shall have ten (10) days to reply. The matter will thereupon be set down for hearing upon appropriate notice before a Special Master in Chancery, hereinafter appointed, to take testimony and to make a written recommendation for a money decree.

6. The court hereby appoints DAVID J. SHIPMAN as said Special Master in Chancery to take testimony and make a recommendation for a money decree herein. Said Special Master's fees shall be fixed by the court and said fees and his costs shall be assessed as costs herein. The court does now order that said Special Master in Chancery shall have the power to administer oaths, issue subpoenas duces tecum and shall have the power to order documents produced by either of the parties. The court further orders that said Special Master shall conduct and supervise all discovery proceedings, shall rule upon all motions concerning discovery, and shall order the taking of depositions or quashing of notices and rule on other routine and contested matters concerning discovery. The court does not intend that said Special Master in Chancery shall be consulted on the routine taking of depositions where there is no controversy between the parties. Said Special Master shall report progress herein to the court within ninety (90) days after this judgment order becomes final by virtue of no appeal being taken within the time for appeal or after a mandate of affirmance in the event of appeal.

7. Within twenty (20) days of the date of entry of this order, plaintiff shall submit, in the form of a supplemental or amended pleading, or in the form of suggestions to the court, any matters which plaintiff considers pertinent to a consideration of the issue of whether the scope of the relief herein ordered should be made applicable to other stewardesses discharged by defendant pursuant to the policy herein determined to be illegal as in violation of Title VII of the Civil Rights Act of 1964. Defendant shall have twenty (20) days to answer, and the plaintiff shall have ten (10) days to reply. The matter will thereupon be set down for hearing upon appropriate notice, and the court retains jurisdiction for the purpose of determining any and all questions thus presented.

8. The court also retains jurisdiction for the purpose of hearing applications for attorneys fees and any issues as to costs.