**Mary Burke SPROGIS, Plaintiff,**

v.

**UNITED AIR LINES, INC., a corporation, Defendant.**

**Carole Anderson ROMASANTA et al., Plaintiffs,**

v.

**UNITED AIR LINES, INC., a corporation, Defendant.**

**Nos. 68 C 2311, 70 C 1157.**

United States District Court,
N. D. Illinois, E. D.

June 14, 1972.

Richard F. Watt, Irving M. King and Sheli Z. Rosenberg, Chicago, Ill., for plaintiffs.

Stuart Bernstein, Mayer, Brown & Platt, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

PERRY, District Judge.

The court has before it the issue of whether class relief is appropriate in the case of Mary Burke Sprogis v. United Air Lines, Inc. and a motion to consolidate the *Sprogis* case with that of Carole Anderson Romasanta, et al. v. United Air Lines, Inc.

In its original decree in *Sprogis*, 308 F.Supp. 959, this court found that the enforcement of the no-marriage policy of United Air Lines ("United") discriminated against plaintiff Mary Burke Sprogis because of her sex in violation of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964. The court enjoined United from discriminating against plaintiff, ordered the air line to restore her to her employment and retained jurisdiction of the cause to determine plaintiff's loss of earnings. Plaintiff was directed to submit suggestions as to whether the scope of the relief should be extended to other stewardesses discharged by defendant's enforcement of its no-marriage rule. At this point further proceedings were stayed while an interlocutory appeal was taken.

The United States Court of Appeals, 444 F.2d 1194, affirmed in Sprogis and the cause was returned for further proceedings on "determination of the propriety of class relief." In its majority opinion the Court of Appeals said the district court had jurisdiction to provide relief to individuals similarly situated where "justice requires such action" and that "in our opinion, Rule 23 to the contrary notwithstanding, the district court possesses such power in Title VII cases." However, the majority in affirming this court's power to extend relief expressed

no opinion on the ultimate decision to be reached on remand and said:

" . . . . Whether such relief is appropriate in this case must first be determined by the court below after consideration of the arguments advanced by the parties, including references to the safeguards of Rule 23. We merely hold today that the court may so proceed."

The court has considered the memoranda of the parties and the argument of counsel on the propriety of class relief and, if extended, the scope of the class entitled to relief, together with the motion to consolidate. It has considered whether justice requires the conversion of the *Sprogis* case into a class action in light of the important safeguards of Rule 23. *Sprogis* was initiated by a single plaintiff. It involves back pay. Others now seek to benefit only after judgment.

Rule 23(c)(1) provides:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."

■■ As Circuit Judge Stevens put it in his dissenting opinion.

"At a minimum, this rule requires the class to be defined before the merits of the case have been decided. This requirement is, of course, of special importance in litigation involving claims for damages or back pay. A procedure which permits a claim to be treated as a class action if plaintiff wins, but merely as an individual claim if plaintiff loses, is strikingly unfair."

■ Mrs. Sprogis filed her complaint in this court in November of 1968. The court granted her motion for summary judgment in November 1969 and entered its findings, conclusions and decree in January 1970. It asked plaintiff to submit, in the form of suggestions to the court, any matters which plaintiff considered pertinent to a consideration of the issue of whether the scope of relief given Mrs. Sprogis should be made applicable to other stewardesses discharged by defendant pursuant to United's said no-marriage policy determined to be in violation of Title VII. On March 11, 1970 defendant filed its notice of appeal. Approximately two months later Carole Anderson Romasanta filed her complaint and on October 9, 1970 she was joined by Brenda Bailes Altman in an amended complaint filed on their own behalf and on behalf of all others similarly situated.

Prior to the bringing of these actions, United had revoked its policy and offered to reinstate all stewardesses whose employment was terminated under the policy and who had filed a protest against termination. Members of the proposed class therefore seek monetary relief. Those eligible could not have been unaware of their rights as many of them pursued their remedies before administrative bodies or in other federal courts prior to the time *Sprogis* was commenced and after defendant discontinued its no-marriage policy. It appears to the court that some accepted early offers of reinstatement or abandoned their claims and that the claims of some are barred by statutory limitations. Those eligible did not see fit to join in the *Sprogis* case. After it appeared Mrs. Sprogis was to have relief, the *Romasanta, et al.* action was brought here and other stewardesses now seek to benefit after the decision on the merits by moving for consolidation of Romasanta and extension of relief to all.

The Romasanta case is pleaded as a class action. There is no question that the relief on the discrimination question granted in *Sprogis*, if found applicable, can be extended to other stewardesses. However, *Sprogis* was decided on its merits and the other stewardesses must

present their cases. It would be unjust to defendant to allow one-way intervention in *Sprogis,* for if class relief were extended, it is probable no class member would decline to join in a chance for monetary reward now that the discrimination issued has been determined.

A denial of the motion to convert *Sprogis* to a class action and denial of the motion to consolidate will necessitate a separate trial of *Romasanta.* But this court is of the opinion it cannot disregard the safeguards of Rule 23.

The court is now convinced that *Sprogis* cannot be converted to a class action. The issues in *Sprogis* have been decided without considering the claims of other members of a purported class. Furthermore, the court has considered the other requirements of Rule 23 and is not convinced that conversion would be justified. Having considered the composition of a possible class on the basis of the parties' memoranda, it may well be that the class would fail for lack of numerosity. The major question of law or fact common to the class has already been decided, that of discrimination because of sex. It appears that there are no longer any common questions of law or fact, or predominating questions as required by Rule 23. Facts and circumstances would vary from individual to individual as would the damages. Defendant air line has the right to raise other defenses, as it appears it will, in *Romasanta* and these would have to be separately determined. This court cannot see that by joining the two cases it would arrive at some set formula or "a method superior to other fair and available methods for the fair and efficient adjudication of the controversy" (Rule 23(b)(3).

A preliminary consideration of the facts and law in this matter might indicate there should be a consolidation of *Sprogis* and *Romasanta* to do equity to all parties. However, upon a careful consideration of all the facts, law and

circumstances, this court is of a contrary view. The safeguards of Rule 23 must prevail here. "Justice" does not require the converting of *Sprogis* into a class action.

It is, therefore, Ordered that cause No. 68 C 2311, Mary Burke Sprogis v. United Air Lines, Inc. continue as an individual action. The court hereby appoints David J. Shipman as a Special Master to take testimony and to submit, within 60 days, for this court's consideration a recommendation as to a monetary award due Mary Burke Sprogis and in accordance otherwise with the decree of the court on January 21, 1970 and subject to the provisions of Title VII of the Civil Rights Act of 1964.

The court not having broadened the relief in *Sprogis,* the motion to consolidate that cause with No. 70 C 1157, Romasanta, et al. v. United Air Lines, Inc., is denied. It is so ordered. The views of the court set forth herein are in no way prejudicial to the eventual disposition of the *Romasanta* case on its merits.